IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| | | Case No. 21-12790-LSS |
| **DONIQUE K'VON ANDREWS,** | * | |
| | | (Chapter 13) |
| Debtor. | * | |

* * * * * * * * * * * * *

**IRA SERVICES TRUST COMPANY**   *
**CFBO RICHARD E. GRODSKY**
P.O. Box 4208   *
Gaithersburg, Maryland 20885,
 *
    **Movant,**
 *
vs.
 *
**DONIQUE K'VON ANDREWS**
13714 Mills Avenue   *
Silver Spring, Maryland 20904,
 *
    **Respondent.**
 *

* * * * * * * * * * * * *

**MOTION SEEKING RELIEF FROM AUTOMATIC STAY
TO RESUME FORECLOSURE PROCEEDING AND, IF NEEDED,
<u>COMMENCE OTHER FORECLOSURE PROCEEDINGS</u>**

    IRA Services Trust Company CFBO Richard E. Grodsky (the "Movant"), by its undersigned counsel, pursuant to 11 U.S.C. § 362(d), files this motion seeking relief from the automatic stay of 11 U.S.C. § 362(a) so that it may resume a foreclosure proceeding and, if needed, commence other foreclosure proceedings (the "Motion"). In support of the Motion, the Movant states as follows:

**Background**

1. Donique K'von Andrews, the debtor in the above-captioned case (the "Debtor"), commenced this proceeding (the "Bankruptcy Case") by filing a petition under Chapter 13 of the Bankruptcy Code on April 26, 2021 (the "Petition Date").

A. *Debtor is Beneficiary of Spendthrift Trust*

2. Prior to the Petition Date, on August 7, 2014, the Debtor's mother, Mary Frances Andrews (the "Debtor's Mother"), executed that Declaration of Trust (the "Trust Agreement") thereby creating that revocable trust, which, as shown below, contains a spendthrift provision, known as Fresh Beginning Trust U/D/T dated August 7, 2014 (the "Spendthrift Trust").[1] A true and correct copy of the Trust Agreement is attached hereto as ***Exhibit A***, and is incorporated herein by reference.

3. As made clear by the Trust Agreement, the Debtor's Mother is the settlor and grantor of the Spendthrift Trust. (Trust Agreement, ¶ 1) As grantor, at the time she created the Spendthrift Trust, the Debtor's Mother conveyed all of her real property to the Spendthrift Trust "for the use, benefit, and enjoyment of [her children]" (the "Trust Property"). (Trust Agreement, ¶ 2) "During [her] lifetime, [the Debtor's Mother] will be exclusively entitled to all net income and as much principal from the Trust Property as the trustee determines is necessary for [her] health, education, maintenance, support, comfort, and welfare . . . ." (Trust Agreement, ¶ 3(c)) Upon the death of the Debtor's Mother, however, the Trust Property is to be distributed "to the beneficiaries", one of which is the Debtor. (Trust Agreement, ¶ 6)

---

[1] On the same date that the Debtor commenced this Bankruptcy Case, the Spendthrift Trust filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court thereby commencing that proceeding styled *In re Fresh Beginning Trust, U/D/T*, Case No. 21-12789-TJC. On June 28, 2021, this Court entered an order dismiss that case because the Spendthrift Trust was a family trust and not a business trust, and, therefore, was not eligible under § 109(d) to be a debtor under Chapter 11 of the Bankruptcy Code.

4.      The Trust Agreement contains a spendthrift provision, providing that "[n]o interest in the principal or income of [the Spendthrift Trust] may be anticipated, assigned, encumbered, or subjected to a creditor's claims or legal process until it is actually received by the beneficiary." (Trust Agreement, ¶ 9(d))

**B.      *Movant's Commercial Loan to the Spendthrift Trust***

5.      Also prior to the Petition Date, on December 31, 2019, the Movant extended a commercial loan in the amount of $2,200,000.00 to the Spendthrift Trust (the "Commercial Loan") as is evidenced by that Amended and Restated Promissory Note of even date (the "Promissory Note").  As for repayment, the Promissory Note required the Spendthrift Trust to "pay in full all sums due under [the Promissory Note], including principal, accrued and unpaid interest, and any other charges and fees" on December 31, 2020 (the "Maturity Date").  (Promissory Note, ¶¶ 1.1 and 1.4.3)  A true and correct copy of the Promissory Note is attached hereto as ***Exhibit B***, and is incorporated herein by reference.

6.      The Spendthrift Trust's obligations under the Promissory Note are secured by those Deeds of Trust Modification and Consolidation Agreement dated December 31, 2019, which were duly recorded among the Land Records of Prince George's County and Frederick County, encumbering certain properties owned by the Spendthrift Trust in said counties (the "Encumbered Trust Properties").

7.      As credit support for the obligations under the Promissory Note, the Debtor's Mother and one of her daughters, Tracie Andrews, both of which are trustees of the Spendthrift Trust, executed an Unconditional Guaranty Agreement dated December 31, 2019 (the "Guaranty"). Pursuant to the terms of the Guaranty, the Debtor's Mother and her daughter are absolutely, unconditionally, and jointly and severally guaranteed to Lender the due and punctual payment of all

amounts due and owing under the Promissory Note. (Guaranty, p. 1) A true and correct copy of the Guaranty is attached hereto as **Exhibit C**, and is incorporated herein by reference.

8.  The Maturity Date passed and neither the Spendthrift Trust nor the Debtor's Mother or her daughter paid the amounts due and owing under the Promissory Note. As such, the Movant moved for and obtained a judgment by confession in the Circuit Court of Montgomery County against the Spendthrift Trust, the Debtor's Mother, and her daughter in that case styled *IRA Services Trust Company CFBO Richard E. Grodsky v. Fresh Beginning Trust U/D/T dated August 7, 2014, et al.*, Case No. 484517-V (the "Confessed Judgment Proceeding"). In addition to the Confessed Judgment Proceeding, the Movant commenced that foreclosure proceeding in the Circuit Court of Prince George's County against some of the Encumbered Trust Properties in that case styled *Spivok v. Fresh Beginning Trust*, Case No. CAEF21-02686 (the "Foreclosure Proceeding").

C. **Debtor Commences the Bankruptcy Case**

9.  As noted in the papers filed by the Debtor in this Bankruptcy Case, the Debtor commenced the Bankruptcy Case "on an emergency footing" solely for the purpose of staying the Foreclosure Proceeding. (Doc. No. 15, ¶ 2)

10. The Debtor's Schedules D, E and F note that the Debtor does not have any creditors other than the Comptroller of Maryland and the Internal Revenue Service. (Doc. No. 1, pp. 17-19). However, at the Debtor's meeting of creditors, when the undersigned asked the Debtor how it was that he owed money to the Comptroller of Maryland and the Internal Revenue Service money, the Debtor testified that he did not owed them any money.[2] Indeed, the Debtor further testified, as noted on his Statement of Financial Affairs, that he was unemployed in 2018, 2019 and 2020, and that he only started working in 2021 delivering food for Grub Hub and Doordash.

---

[2] Debtor's attorney was quick to note that the Debtor has not paid taxes for work performed in 2021. However,

**Argument**

11.    For the following two (2) reasons, sufficient cause warrants relief from the automatic stay so as to allow the Movant to resume the Foreclosure Proceeding and, if needed, commence other foreclosure proceedings against the remaining Encumbered Trust Properties.

A.    *The Spendthrift Trust is not Property of the Estate*

12.    First, the Debtor's interest in the Spendthrift Trust is not property of his bankruptcy estate. Section 541(c)(2) of the Bankruptcy Code excludes a debtor's interest in a spendthrift trust from property of the estate, providing that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." "The effect of the provision is to exclude from the estate property subject to restrictions on alienation, such as a debtor's beneficial interest under a valid spendthrift trust." *In re Orkin*, 170 B.R. 751, 752 (Bankr. D.Mass. 1994). *See, also*, *In re Bizon*, 28 B.R. 886, 889 (Bankr. D. Md. 1983) (J. Mannes) ("The debtor's interest in [a spendthrift] trust is not property of the estate.").

13.    Here, the "applicable nonbankruptcy law" referenced in section 541(c)(2) of the Bankruptcy Code is Maryland law. (Trust Agreement, ¶ 9(h)). While Maryland recognizes valid spendthrift trusts, "it is unmistakable that a person may not create [ ] a [spendthrift] trust for his own benefit." *Watterson v. Edgerly*, 40 Md. App. 230, 232, 388 A.2d 934, 936 (1978) (citing to *Manders v. Mercantile Trust and Deposit Co.*, 147 Md. 448, 128 A. 145 (1925); *Wenzel v. Powder*, 100 Md. 36, 59 A. 194 (1904); *Brillhart v. Mish*, 99 Md. 447, 58 A. 28 (1904); *Warner v. Rice*, 66 Md. 436, 8 A. 84 (1887)). This principle was codified in the Maryland Trust Act. Under the Act, despite the existence of a spendthrift trust, "[d]uring the lifetime of the settlor, the property of a revocable trust

---

income taxes for the tax year 2021 are not yet due.

is subject to claims of the creditors of the settlor." Md. Code Ann., Est. & Trusts § 14.5-508(a)(1).

14. Applying these principles to the instant case, because the Debtor is not the grantor or the settlor of the Spendthrift Trust, the spendthrift provision of the Spendthrift Trust is valid and enforceable. As such, the Spendthrift Trust is not property of the Debtor's bankruptcy estate.

### B. *Bankruptcy Case Filed in Bad Faith*

15. Second, the Bankruptcy Case was clearly filed in bad faith. *Carolin Corp. v. Miller*, 886 F.2d 693, 699 (4th Circuit) (holding that the same standard in determining whether to dismiss bankruptcy petitions under § 1112(b) for bad faith should be applied in determining whether to grant to relief from the automatic stay for bad faith). A bankruptcy court may terminate the automatic stay "for want of good faith in its filing, but only with great caution and upon supportable findings both of the objective futility of any possible reorganization and the subjective bad faith of the petitioner in invoking this form of bankruptcy protection." *Id*. at 694.

16. Here, the Debtor has admitted that he commenced this Bankruptcy Case solely for the purpose of staying the Foreclosure Proceeding. Further, the Debtor has no creditors.

17. As required by Local Bankruptcy Rule 9013-2, the Movant hereby states that no memorandum will be filed and that it will rely solely upon this Motion.

**WHEREFORE**, the Movant respectfully requests this Court to enter an Order:

(A) Terminating the automatic stay of 11 U.S.C. § 362(a) so as to allow the Movant to resume the Foreclosure Proceeding and, if needed, commence other foreclosure proceedings against the remaining Encumbered Trust Properties; and

(B)    Granting such other and further relief as equity and justice may require.

        /s/ Craig B. Leavers
Craig B. Leavers, Bar No. 26914
The Law Offices of Craig B. Leavers, LLC
P.O. Box 306
Cockeysville, Maryland 21030
Phone:  (443) 318-4526
Craig@LeaversLaw.com

*Attorney for IRA Services Trust Company CFBO Richard E. Grodsky*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 29th day of June, 2021, a copy of the foregoing was served on the parties listed below by electronic service via CM/ECF:

> Timothy P. Branigan
> 9891 Broken Land Parkway, Ste 301
> Columbia, Maryland 21046
> *(Chapter 13 Trustee)*
>
> Matthew Eliot Abbott, Esq.
> Wolff & Orenstein, LLC
> 15245 Shady Grove Road, Ste 465
> North Lobby
> Rockville, Maryland 20850
> *(Attorney for Debtor)*

And on the parties listed below by first class mail, postage prepaid:

> Donique K'von Andrews
> 13714 Mills Avenue
> Silver Spring, Maryland 20904
> *(Debtor)*

        /s/ Craig B. Leavers
Craig B. Leavers